# WELCH & COMPANY

*v.*

# CENTRAL SAN CRISTOBAL, INC.

San Juan, Equity, No. 940.

### REOPENING CONFIRMATION OF MASTER'S REPORT.

Master's Report—Reopening Confirmation.

    1. Under new Equity Rule 66 the report of the master stands confirmed *ipso facto*, unless exceptions are filed within twenty days. This confirmation, however, is like any other decree of the court, and can be reopened during the term upon proper showing.

Reopening Master's Report—Petition.

    2. A master's report may be reopened at the same term upon a direct petition. Exceptions filed after confirmation will be disregarded.

Welch & Co. v. Central San Cristobal.

Confirmation—Receivers.

> 3. Where the master's report relates to an issue between receivers of this court, the court will, in a proper case, reopen the matter as one of administration, in which case it will be open to exception by anyone else also.

Opinion filed November 2, 1914.

_Mr. Chas. Hartzell_ for receiver.

HAMILTON, Judge, delivered the following opinion:

1. Under Equity Rule 66 a report of a master stands confirmed _ipso facto_ without any action being necessary by the court, unless exceptions are filed within twenty days after the report is made; but it must be true that this confirmation is the act of the court. Confirmation may follow as a matter of law, but still it is the act of this court. It cannot be the act of any other court. The report of a master cannot have any higher standing than a 'decree of court, and the court does not consider that the rule of the supreme court means to say that the supreme court is interfering or can interfere in any current case and confirm a report of the master. The rule simply relieves the court of taking any specific action. But when that is done it is after all equivalent to a decree of confirmation by this court.. That being so, a decree of confirmation stands exactly upon the same footing as any other decree of this court, and can be set aside at the same term. The court thinks that it would have the right to open the confirmation.

2. In the next place, however, it ought to be said that the court would be very reluctant to do this in any ordinary case.

VII. Poto Rico.—19.

Welch & Co. v. Central San Cristobal.

It would require a very strong showing to make the court reopen a confirmation of the master's report where there had been no exceptions filed, and when done it is not on new exceptions filed, but on a special petition addressed to the discretion of the court.

3. In this case it seems that the matter reported on is one between two receivers of this court, and affects no one else, except so far as any proceeding by a receiver may affect others. The two receivers consent to reconsideration. It is a matter of administration rather than a matter of vested right, and in such a case the court thinks it would be only right in a proper case to set aside the confirmation of the master's report and leave the matter open for proper disposition. At the same time the court hopes that this will not recur, because receivers ought to make their exceptions promptly just as much as anybody else. In this particular case, it being the first time the matter has come up, the court will set aside the confirmation and open the receiver's report for further exceptions for twenty days. Being opened, it is open to exception by anyone, and not simply by the receivers themselves.